In this case, AFSCME offered evidence as to each element of its claim. *Cf. Gerena–Valentin,* 739 F.2d at 761 (claim frivolous where no evidence of discrimination introduced); *Faraci,* 607 F.2d at 1027 (claim frivolous where evidence of non-discrimination was overwhelming). Thus, had the district court credited the evidence and testimony that AFSCME sponsored, AFSCME could have prevailed. The district court recognized that possibility when it stated:

> It is easy to imagine that the plaintiffs could have trapped a victory in the web of statistical data spun by their expert witnesses were it not for a very able and experienced defense counsel who too mastered the statistics, regression analyses and complex computer data which enabled him to expose the deficiencies both in the experts' testimony and in the studies upon which the plaintiffs so heavily relied.

*AFSCME,* 825 F.Supp. at 473. A case that could have resulted in victory for the plaintiffs but for "very able and experienced defense counsel" was not frivolous so as to justify a fee award, at least in the absence of evidence of intentional misleading by the plaintiffs.

### 3. *AFSCME Obtained A $1.6 Million Judgment.*

■ The award of fees here would arguably have presented a closer question had AFSCME recovered nothing on its claims. But AFSCME *prevailed* on its claim that the salary disparity between police detention aides and turnkeys "is attributable to intentional discrimination." *AFSCME,* 799 F.Supp. at 1409. The district court awarded the plaintiffs a judgment in excess of $1.6 million on that claim. Although AFSCME failed on its broader claim—that the County's entire pay scale was discriminatory—it is difficult to characterize as utterly meritless a lawsuit that resulted in a favorable judgment of more than $1.6 million.[2] Certainly, a fee

award might be warranted if one or more frivolous claims are accompanied by an unrelated claim that is meritorious. But the claim on which AFSCME prevailed was closely related to its other claims, and it was substantial by most measures. Under these circumstances, an award of fees was unwarranted under the *Christiansburg* standard, and the district court therefore abused its discretion in granting fees to the County.

## CONCLUSION

The judgments of the district court awarding the County attorney's fees and expert witness fees are reversed.

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO; The Commission of La Cosa Nostra; Matthew Ianniello, also known as Matty the Horse; Anthony Provenzano, also known as Tony Pro; Nunzio Provenzano, also known as Nunzi Pro; Anthony Corallo, also know as Tony Ducks; Salvatore Santoro, also known as Tom Mix; Christopher Furnari, Sr., also known as Christie Tick; Frank Manzo; Carmine Persico, also known as Junior, also known as The Snake; Gennaro Langella, also known as Gerry Lang; Philip Rastelli, also known as Rusty; Nicholas Marangello, also known as Nicky Glasses; Joseph Massino, also known as Joey Messina; Anthony Ficarotta, also known as Fig-**

---

**2.** The district court denied the County's motion to dismiss AFSCME's claims of unequal pay for equal work under the Equal Pay Act, and denied the County's motion to dismiss AFSCME's disparate treatment claim under Title VII. *See AFSCME,* 609 F.Supp. at 707–11. The district court also denied the County's motion for directed verdict at the close of AFSCME's case. These

rulings are in some tension with the finding that AFSCME's claims were frivolous. *See United States v. Mississippi,* 921 F.2d 604, 609 (5th Cir.1991) (district court's refusal to dismiss relevant to whether claim is frivolous); *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985) (same).

gy; Eugene Boffa, Sr.; Francis Sheeran; Milton Rockman, also known as Maishe; John Tronolone, also known as Peanuts; Joseph John Aiuppa, also know as Joey O'Brien, also known as Joe Doves; John Phillip Cerone, also known as Jackie the Lackie, also known as Jackie Cerone; Joseph Lombardo, also known as Joey the Clown; Angelo Lapietra, also known as The Nutcracker; Frank Balistrieri, also known as Mr. B; Carl Angelo De-Luna, also known as Toughy; Carl Civ-ella, also known as Corky; Anthony Thomas Civella, also known as Tony Ripe; General Executive Board International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; Jackie Presser, General President; Weldon Mathis, General Sec-retary-Treasurer; Joseph Trerotola, also known as Joe T, First Vice President; Robert Holmes, Sr., Second Vice Presi-dent; William J. McCarthy, Third Vice President; Joseph W. Morgan, Fourth Vice President; Edward M. Lawson, Fifth Vice President; Arnold Weinmeis-ter, Sixth Vice President; Joseph John Aiuppa, also known as Joey Aiuppa; John H. Cleveland, Seventh Vice Presi-dent; Maurice R. Schurr, Eighth Vice President; Donald Peters, Ninth Vice President; Walter J. Shea, Tenth Vice President; Harold Friedman, Eleventh Vice President; Jack D. Cox, Twelfth Vice President; Don L. West, Thirteenth Vice President; Michael J. Riley, Four-teenth Vice President; Theodore Cozza, Fifteenth Vice President; Daniel Ligu-rotis, Sixteenth Vice President; Salva-tore Provenzano, also known as Sammy Pro, Former Vice President, Anthony Salerno, Defendants,

Erbacci, Cerone & Moriarty, Ltd., Anthony G. Erbacci and Jack P. Cerone, Individu-ally and d/b/a Marble Insurance, Re-spondents–Appellants.

No. 203, Docket 96–6034.

United States Court of Appeals, Second Circuit.

Submitted Sept. 17, 1996.

Decided Sept. 26, 1996.

Aldo E. Botti, Ronald D. Menna, Botti, Marinaccio & De Longis, Ltd., Oak Brook, IL, for Respondents–Appellants.

Mary Jo White, United States Attorney for the S.D. of New York, New York City, Beth E. Goldman, Steven M. Haber, Assistant United States Attorneys, for Plaintiff–Appel-lee.

Before: LUMBARD, MESKILL, and WINTER, Circuit Judges.

PER CURIAM:

We affirm for substantially the reasons stated in the district court's opinion. *See United States v. Int'l. Bhd. of Teamsters*, 911 F.Supp. 743 (S.D.N.Y.1996).

UNITED STATES of America, Appellee,

v.

Man Wai CHENG, Defendant,

Kin Wo Cheng, Defendant–Appellant.

No. 1585, Docket 95–1704.

United States Court of Appeals, Second Circuit.

Argued May 30, 1996.

Decided Sept. 30, 1996.